UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHANE OTERO,

    Plaintiff,

v.                                                     Case No. 8:10-CV-1859-T-27TGW

CHRISTOPHER INDICO, et al.,

    Defendants.
_____/

## ORDER

Before the Court is the *pro se* prisoner Plaintiff's civil rights complaint filed against Officer Christopher Indico, Sarasota County, Florida, and Tom Knight, Sheriff of Sarasota County, pursuant to 42 U.S.C. § 1983 alleging excessive force in the course of an arrest in violation of the Fourth Amendment to the United States Constitution. The Court has examined Plaintiff's complaint in accord with 28 U.S.C. § 1915A. After doing so, the Court concludes that the complaint attempts to assert claims that fail to state a claim upon which relief may be granted as to some of the Defendants named.

**Sarasota County and Sheriff Knight**

"For liability purposes, a suit against a public official in his official capacity is considered a suit against the local government entity he represents," *see Owens v. Fulton County*, 877 F.2d 947, 951 n.5 (11th Cir. 1989), here Sarasota County.[1] *See Kentucky v. Graham*, 473 U.S. 159, 165-66

---

[1] Because Plaintiff is proceeding pro se and it is not clear from the record whether he is suing Defendant Knight in his individual capacity only, the Court will consider the claim as being asserted against Defendant Knight in both his official and individual capacities. *See Hobbs v. Roberts*, 999 F.2d 1526, 1528 (11th Cir. 1993) (finding that "[w]]here the complaint is unclear on 'whether officials are sued personally, in their official capacity, or both,'

(1985); *Jones v. Cannon*, 174 F.3d 1271, 1293 n. 15 (11th Cir. 1999). "A governmental entity is not liable under [§] 1983, merely as a matter of respondeat superior, for constitutional injuries inflicted by its employees." *See Brown v. Neumann*, 188 F.3d 1289, 1290 (11th Cir. 1999) (citation omitted). A local government is, however, liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978) (holding that liability of municipalities and other governmental entities under § 1983 is limited to instances of official policy or custom).

To attribute liability to Defendant Sarasota County and Defendant Knight in his official capacity under § 1983, Plaintiff must demonstrate that Defendants had an official policy or custom that was "the moving force of the constitutional violation." *Vineyard v. County of Murray, Ga.*, 990 F.2d 1207, 1211 (1993) (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981)). Here, Plaintiff's complaint fails to identify any policies, customs, or procedures instituted by Defendants that led to his injuries. Therefore, the complaint fails to state a claim against Defendant Sarasota County, and Defendant Knight in his official capacity.

To the extent that the allegations of the complaint may be read as an attempt to assert a claim against Defendant Knight predicated upon his supervisory position as the Sheriff of Sarasota County, "[i]t is [] well established in this [c]ircuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Miller v. King*, 384 F.3d 1248, 1261 (11th Cir. 2004) (quoting *Cottone v. Jenne*, 326 F.3d

---

courts
must look to 'the course of the proceedings' which will 'typically indicate the nature of the liability sought to be imposed'" (emphasis in original) (citations omitted)).

2

1352, 1360 (11th Cir. 2003)), *vacated on other grounds*, 449 F.3d 1149 (11th Cir. 2006). Under § 1983, supervisory liability occurs only when the supervisor personally participates in the alleged misconduct or when there is a causal connection between the supervising official's actions and the alleged constitutional deprivation. *Cottone*, supra at 1360. The complaint is entirely void of any facts that might be read to support an inference that a causal connection exists between Defendant Knight's conduct and Plaintiff's alleged injuries. Therefore, the claims against Defendant Knight in his individual capacity are subject to dismissal.

**Officer Indico**

The complaint alleges in pertinent part that after Plaintiff surrendered and was on the ground with his hands raised over his head, and he was no longer a threat to the officers or others, Officer Indico commanded his K-9 to attack Plaintiff, and the K-9 bit Plaintiff's leg causing two lacerations. Claims of excessive force by police officers are cognizable under 42 U.S.C. § 1983. *Fundiller v. City of Cooper City*, 777 F.2d 1436 (11th Cir. 1985). "The Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest." *Lee v. Ferraro*, 284 F.3d 1188, 1197 (11th Cir. 2002) (citing *Graham v. Connor*, 490 U.S. 386, 394-95 (1989) ("All claims that law enforcement officers have used excessive force--deadly or not--in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard[.]")). Accepting the allegations in the complaint as true and construing them in the light most favorable to the Plaintiff,[2] Plaintiff states a claim against Officer Indico for a violation of

---

[2]The standards that apply to dismissal under Fed.R.Civ.P. 12(b)(6) apply to dismissal under § 1915A(b)(1). *Jones v. Bock*, 549 U.S. 199, 216 (2007). The Court "must accept the allegations in the complaint as true, construing them in the light most favorable to" the Plaintiff. *White v. Lemacks*, 183 F.3d 1253, 1255 (11th Cir. 1999).

Plaintiff's Fourth Amendment right to be free from excessive force. *See Priester v. City of Riviera Beach*, 208 F.3d 919, 927 (11th Cir. 2000) (qualified immunity denied where an officer let the K-9 attack the suspect for two minutes even though it was clear that the suspect did not pose a threat of bodily injury to the officer and the suspect was not attempting to flee or resist arrest).

ACCORDINGLY, the Court **ORDERS** that:

1. The claims against Defendant Sarasota County, and Defendant Knight in both his individual and official capacities are **DISMISSED** for failure to state a claim upon which relief may be granted.

2. This action shall proceed solely on Plaintiff's Fourth Amendment excessive use of force claim against Defendant Officer Indico.

3. Plaintiff must complete the enclosed forms:

> **A. Notice of Lawsuit and Request for Waiver of Service of Summons (2)**
>
> Plaintiff should fill in the names of the parties as shown on the first page of this order (___ v. ___), and fill in the Civil Action No. In the blank following the word "To", Plaintiff shall write the NAME AND ADDRESS of the Defendant to whom the notice is to be sent. THE FORM WILL BE RETURNED IF PLAINTIFF DOES NOT FILL IN THE DEFENDANT'S ADDRESS. In the blank where it states "you must return the signed waiver within ___ days", Plaintiff should write in "30." PLAINTIFF MUST SIGN THE NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS FORM. Plaintiff *should not* fill in the date under the line that reads: "I certify that this request is being sent to you on the date below."
>
> **B. Waiver of Service of Summons (2)**
>
> Plaintiff should fill in the names of the parties as shown on the first page of this order (___ v. ___), and fill in the Civil Action No. Plaintiff should write his name in the blank following the word "To". Plaintiff should not fill in any of the following lines on the form, and should not sign the form.

**C. Summons in a Civil Action and Marshal's forms (Form 285)**

Plaintiff is required to fill in the names of the parties, the civil action number, and the name(s) and address(es) of Defendant in the appropriate spaces on the Summons form. PLAINTIFF MUST SIGN AND DATE THE 285 FORMS. **PLAINTIFF MUST SUBMIT 2 COPIES OF THE 285 FORM FOR DEFENDANT.**

Plaintiff must then mail the completed forms and a copy of the complaint for Defendant to the Clerk's Office. The completed forms and the copy of the complaint must be returned to the Clerk's Office within **TWENTY (20) DAYS** of the date of this Order. Failure to return the completed forms and copy of the complaint within this time period **will result in dismissal of the case for failure to prosecute, without further notice.** Plaintiff's failure to provide the Court with properly completed documents necessary to effect service will render the Court unable to meet its responsibility pursuant to 28 U.S.C. § 1915(d) regarding service of process.

4. Plaintiff shall advise the Court of any change of address. Failure to do so will result in the case being dismissed for failure to prosecute.

5. The **Clerk of the Court** shall forward two sets of the Notice of Lawsuit and Request for Waiver of Service of Summons, Waiver of Service of Summons, and Summons and Marshal's Forms (Form 285) to Plaintiff.

**DONE and ORDERED** in Tampa, Florida, on _November 30th_, 2010.

JAMES D. WHITTEMORE
United States District Judge

SA:sfc
Copy to: Plaintiff *pro se*